### Ross v. Simon et al.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

APPEAL—REHEARING.

In an action to enforce a mechanic's lien against the lessor and lessee of premises, the questions were as to whether the statement in the lien was sufficient as against the owner, and as to whether the allegations in the complaint that the lessor had full knowledge of, and consented to, the doing of the work, constituted a sufficient pleading of the facts. *Held,* that an authority which decided that, in order to bind the owner, the work must be done at his instance, or that of his agent, and that, in the absence of evidence that the lessor had some connection with plaintiff's contract, the latter can only enforce a lien against the interest of the lessee, goes only to the evidence, and does not affect the question of pleading.

Motion for rehearing. For former report, see 9 N. Y. Supp. 536.

Action by John B. Ross against John Simon, Ignatz Schmitt, and others, to enforce a mechanic's lien. Simon was the owner of the premises sought to be subjected to the lien, and Ignatz Schmitt had leased them. Defendant Simon demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him, and from a judgment sustaining the demurrer plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*J. C. de Lamore,* for appellant. *Steph. Philsin,* for respondent.

PER CURIAM. The appeal was from a judgment of the general term of the city court affirming a judgment upon demurrer. There were but two questions upon the appeal. The first was whether or not the statement in the lien was sufficient as against the owner; and the second was whether the allegations in the complaint that the defendant, the owner, had full knowledge of, and consented to, the doing of the work, was a sufficient pleading of the facts. The reargument is asked for on the authority of *Cornell* v. *Barney,* 94 N. Y. 394, which the respondent claims his counsel, through inadvertence, overlooked, and to which he failed to draw the attention of the court. But that case does not touch the question of the sufficiency of the notice of a lien in any way, and the sole question decided there was that, in order to bind the owner, the work must be done, or materials furnished, at his instance or that of his agent; and, in the absence of evidence that the lessor had some connection with plaintiff's contract, plaintiff is not entitled to have or enforce a lien against the interest of the lessor in the land or building, but only against that of the lessee. This does not affect the question of what is necessary to plead in the complaint in order to admit evidence to hold the lessor. It only goes as to what evidence would be required in such a case; and that distinction was expressly made by the general term,

which reversed the judgment in this case. The motion for a reargument, or for leave to go to the court of appeals, will therefore be denied, with $10 costs.